**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GARY R. ST. MARY,

                             Petitioner,

      - v -                                         9:18-CV-633
                                                            (GLS/DJS)
R. COVENY,

                              Respondent.

**APPEARANCES:**                              **OF COUNSEL:**

GARY R. ST. MARY
Petitioner *Pro Se*
11-A-5787
Attica Correctional Facility
Box 149
Attica, NY 14011

HON. LETITIA JAMES                    LISA E. FLEISCHMANN, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Respondent
28 Liberty Street
New York, New York 10005

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

*Pro se* Petitioner Gary St. Mary was convicted upon a guilty plea of burglary in the second degree. Dkt. No. 1, Petition ("Pet.") at p. 1.[2] He was sentenced to a term of imprisonment of eight years with two and a half years of post-release supervision. *Id.*;

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] Citations to the Petition are to the page numbers assigned by the Court's CM/ECF system.

Dkt. No. 9, State Court Record ("SR") at p. 33.³  Petitioner presently seeks a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on the sole ground that his sentence was harsh and excessive. Pet. at p. 6. Respondent has filed a Memorandum of Law in Opposition to the Petition. Dkt. No. 8, Resp. Mem. of Law. For the reasons that follow, this Court recommends that the Petition be **denied.**

## I.   BACKGROUND

On September 23, 2015, Petitioner was named in a five-count indictment charging him with burglary in the second degree and other crimes. SR. at pp. 51-53. He was arraigned on the indictment in Franklin County Court on October 2, 2015. SR. at pp. 1-11. Petitioner pled guilty to the burglary count on January 21, 2016. SR. at pp. 108-117. As part of his plea Petitioner specifically waived his right to appeal. SR. at p. 115. He was then sentenced to a term of imprisonment of eight years with two and a half years of post-release supervision. He was fined $5,000 and also agreed to pay restitution and to the imposition of a protective order. SR. at pp. 18-36.

Despite the waiver of his appeal rights, Petitioner did appeal to the New York Appellate Division, Third Department. SR. at p. 48. The Appellate Division found that "defendant's unchallenged appeal waiver precludes our review." *People v. St. Mary*, 157 A.D.3d 1168, 1169 (3d Dep't 2018). The New York Court of Appeals denied leave to appeal. 31 N.Y.3d 986 (2018).

---

³ Citation to the state court record is in the form "SR." followed by the page numbering provided by Respondent.

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003). A federal court may not grant *habeas* relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006).

The Second Circuit has summarized the application of the standard of review under AEDPA as follows:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? 3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000) and *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)). The standard of review under § 2254(d) is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010). "[A] state

prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The phrase "clearly established Federal law" refers to "the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision is an "unreasonable application" of established Supreme Court precedent "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001).

### III. DISCUSSION

#### A. Independent and Adequate State Ground for Relief

Respondent maintains that Petitioner's claim is barred by an independent and adequate state law ground. *See* Resp. Mem. of Law at pp. 5-7. "Under the independent

and adequate state ground doctrine, federal courts 'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Pierotti v. Walsh*, 834 F.3d 171, 176 (2d Cir. 2016) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). Specifically, here, Respondent argues that the Appellate Division's decision not to consider the merits of Petitioner's claim based on his waiver of his right to appeal is an independent state ground. *Id.* Courts have repeatedly recognized that "[s]uch valid waivers constitute an independent and adequate state ground precluding *habeas* relief." *Braxton v. Conway*, 2008 WL 4239756, at *3 (N.D.N.Y. Sept. 11, 2008) (citing cases); *see also Grimes v. Lempke*, 2014 WL 1028863, at *6 (N.D.N.Y. Mar. 14, 2014) (citing cases).

Petitioner has never challenged the validity of the appeal waiver and does not do so here. Accordingly, the Petition is barred by an independent and adequate state court ground.

### B. Merits of the Petition

Petitioner argues that his sentence is harsh and excessive because he is disabled and is an alcoholic in need of treatment. Pet. at p. 5. Even if considered on the merits, this claim presents no basis for relief.

"No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992). Petitioner pled guilty to burglary in the second degree. SR. at pp. 108-117. That crime is a class C violent felony. N.Y. Penal Law §§ 70.02(1)(b) & 140.25. Under applicable

law Petitioner faced a determinate sentence of between three and a half to fifteen years in prison. N.Y. Penal Law § 70.02(3)(b). He was sentenced to eight years in prison. SR. at p. 33. Therefore, because Petitioner's sentence was within the range prescribed by state law his excessive sentence claim is not a basis for *habeas* relief.

### IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED** and **DISMISSED**; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2);[4] and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v.*

---

[4] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation").

*Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   April 8, 2019
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge